Dear Mr. Lynch:
This office is in receipt of your request for an opinion of the Attorney General in regard to "home storage" of a state vehicle under R.S. 39:362.B which sets forth the criteria for the "home storage" of a state vehicle. R.S. 39:362.B(2)(a) provides as follows:
 Home storage of fleet vehicles shall be permitted only in individual situations in which the cost savings to the state is substantiated, or in which the health and welfare of the general public are essentially affected, or in which the commissioner of administration deems it to be in the best interest of the state. Home storage of fleet vehicles is prohibited unless required or permitted and approved by the commissioner of administration. Criteria which merit home storage of vehicles include:
The statute then sets forth a list of criteria which includes (i) stating as follows:
 Law enforcement officers with the power of arrest who use this power in the regular performance of daily job duties and whose home storage of a fleet vehicle is deemed by their agency head to be in the best interest of public safety and law enforcement.
You indicate that your office has found that home storage approval is being granted under this provision to all law enforcement officers whether they use their power of arrest on a daily basis or not, by which the employee for whom home storage is approved is able to commute at taxpayers' expense in a state vehicle. You ask:
 If the legislature intended to provide home storage to all law enforcement officers, why then did it use the modifying language "Who use this power in the regular performance of daily job duties" and what does this language require.
In accordance with R.S. 39:361 the Division of Administration shall establish, develop, and administer a program for the management of motor vehicles used by state employees. The objective of the fleet management program shall be to manage state provided transportation so as to reduce its costs and increase its benefits to the state. R.S. 39:362 sets forth that the commissioner of administration by rule and regulation shall prescribe the conditions governing the use of the vehicles by state officers and employees, and recognizes that the rules and regulations prescribed for fleet vehicles shall be consistent with the purpose of the objectives as specified in R.S. 39:361, and states, "These rules and regulations shall include but not be limited to the following", and included in this is the provision relative to home storage in (2)(a)(i).
We believe the section you cite permitting home storage to law enforcement officers "with the power of arrest who use thispower in the regular performance of daily jobduties" necessarily would not include all law enforcement officers for, as you reason there would be no significance to the modifying language. However, we think it is necessary to consider the entire provision to determine if the home storage of other law enforcement officers in question is inconsistent with the intent of the legislature.
As previously noted R.S. 39:362 designates that the rules and regulations for fleet vehicles include the provisions listed by the legislature as set forth in the statute but specifically states it not be limited to those provisions. Additionally, home storage of fleet vehicles are to be "permitted only in individual situations in which the cost savings to the state is substantiated, or in which the health and welfare of the general public are essentially affected, or in which thecommissioner of administration deems it to be in thebest interest of the state. Thereafter the statute sets forth the "criteria which merit home storage of vehicles".
Included in this criteria in addition paragraph (i) for law enforcement officers with arrest powers used in the regular performance of daily job duties are the other paragraphs one being (v) which provide as follows and must also be considered in relation to persons having home storage of fleet vehicles:
 (v) Additional exceptions as may be decided by the commissioner of administration and the Joint Legislative Committee on the Budget. Individual requests for such exceptions must be submitted in writing to the state fleet manager along with documentation which demonstrates that home storage is in the best interest of the state.
Therefore, all home storage whether included within the listed criteria or not is prohibited unless "required or permitted and approved by the commissioner of administration." The criteria beyond those set forth by the legislature is "situations in which the cost savings to the state is substantiated, or in which the health and welfare of the general public are essentially affected, or in which the commissioner deems it to be in the best interest of the state".
Consequently, the legislature has directed in R.S. 39:362(B) the rules and regulations for fleet vehicles shall include those set forth by the legislature but "not be limited to" those. Also, the commissioner is given broad discretion to determine when home storage is in the best interest of the state, and unless there is a showing of an abuse of that discretion we do not feel it can be said home storage is improper.
Consideration would have to be given to the availability, cost and security of storage at a location other than the home storage, and this is a factual determination which is not a matter that will be entertained by this office.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE
BBR